UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAM MOEINZADEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-03659 |
| ) | |
| AZRA SHAFI-SCAGLIARINI a/k/a AZRA ) | Judge Sharon Johnson Coleman |
| ZYNEB SHAFI-SCHELIERINI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On April 4, 2025, Plaintiff, Mariam Moeinzadeh ("Plaintiff"), brought this action against Azra Shafi-Scagliarini a/k/a Azra Zyneb Shafi-Schelierini ("Defendant"), seeking a declaration that Defendant owes Plaintiff a refund of $91,950.00 for life coaching services Defendant failed to provide to Plaintiff's son, (Count I), and alleging Defendant made false statements of material facts to fraudulently induce Plaintiff to enter into the life-coaching agreement (Count II). Before the Court is Plaintiff's Motion for Partial Judgement on the Pleadings ("Motion") pursuant to Fed. R. Civ. P. 12(c). For the following reasons, the Court grant's Plaintiff's Motion [13].

**BACKGROUND**

The following facts are assumed true for purposes of resolving this Motion.

In or around December 22, 2024, Plaintiff and Defendant entered into an agreement and contract whereby Defendant would provide "life coaching" to Plaintiff's son, Kaveh Moeinzadeh ("Kaveh"), for a period of six months, in exchange for $91,950.00. By January 9, 2025, Plaintiff paid

1

Defendant the total $91,950.00 as agreed pursuant to the contract. However, after receiving the $91,950.00, Defendant failed to provide life coaching services to Kaveh as agreed.

By February 3, 2025, Defendant admitted to Plaintiff that Defendant had the legal obligation to give Plaintiff a 100% full refund of the $91,950.00. Plaintiff accepted Defendant's offer for a full refund on that same day. A material term of the 100% refund agreement and contract was that Defendant agreed to refund the full $91,950.00 in installments, to be paid in full within two weeks, by no later than February 26, 2025, the same time it took Plaintiff to pay the initial $91,950.00. To date, Defendant has failed to refund any of the $91,950.00 and does not dispute that she owes this sum to Plaintiff.

On April 4, 2025, Plaintiff filed her Complaint. Defendant filed her Answer to the Complaint on August 1, 2025. Plaintiff then filed a Motion for Judgement on the Pleadings pursuant to Fed. R. Civ. P. 12(c) on August 4, 2025. The Court ordered Defendant to file a response to Plaintiff's Motion by September 26, 2025. Defendant failed to respond to Plaintiff's Motion.

**LEGAL STANDARD**

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure after a complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Courts review motions brought pursuant to Rule 12(c) under the same standard as a motion to dismiss under Rule 12(b). *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015). Thus, a complaint must be dismissed if the allegations do not state a facially plausible claim that raises the right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**DISCUSSION**

In her Motion, Plaintiff argues no issues of fact or law are in dispute on Count I of Plaintiff's Complaint barring judgement on the pleadings. *See* (Dkt. 13 at *2.) Specifically, Plaintiff argues Defendant admits the following uncontested facts in her Answer: (1) Defendant admits that she breached the parties' contract; (2) Defendant admits that she confirmed to the Plaintiff on several occasions, including in writing, that "I [Defendant] do not contest that I owe you [Plaintiff] $91,950 that you paid to me;" (3) Defendant admits that the parties' full refund of $91,950 agreement is memorialized in writing multiple times; (4) Defendant admits that on February 3, 2025, or thereabouts, she offered a full refund of $91,950 to the Plaintiff and the Plaintiff accepted the Defendant's offer for a full refund; (5) Defendant admits that she agreed to pay the Plaintiff the entire $91,950 by no later than February 26, 2025; and (6) Defendant admits that she has not repaid the Plaintiff the $91,950 as promised. *Id.*

Despite her participation in the case, as evidenced by Defendant's Answer (Dkt. 10) and Motions to Continue the proceedings (Dkt. 17, 22), Defendant failed to respond to Plaintiff's Motion, seek leave from the Court for a new response deadline, or notify the Court of the reason for her failure to respond. Because Defendant failed to respond to Plaintiff's motion, it has waived any arguments to the contrary. *See United States v. Doyle, 693 F.3d 769*, 771 (7th Cir. 2012) ("waiver occurs when a defendant or [its] attorney ... declines[ ] to assert a right."). Accordingly, the Court agrees with Plaintiff that no issues of fact or law are in dispute on Count I of Plaintiff's Complaint, barring judgement on the pleadings.

**CONCLUSION**

For the reasons stated herein, the Court grants Plaintiff's Motion for Partial Judgment on the Pleadings as to Count I [13] against the Defendant in the amount of $91,950.00 pursuant to Rule 12(c). As to the remaining Count, Defendant's only participation in her defense has been requests for

continuances based on unsubstantiated reasons. The Court expects Plaintiff to take all reasonable steps to resolve the remaining aspect of this case.

**IT IS SO ORDERED.**

Date: 1/21/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge